IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 20-55 |
| KYLE PAINE | : | |

**GOVERNMENT'S MOTION TO PRECLUDE TESTIMONY OR EVIDENCE REGARDING DEFENSE PROFFERED "COMPARABLE" IMAGES**

The United States of America, by and through Jennifer Arbittier Williams, Acting United States Attorney, and Kelly Harrell, Assistant United States Attorney, hereby moves this Court to preclude the introduction by the defendant of testimony and evidence of alleged "comparable" images and video taken from the Internet, which are pornographic but which depict individuals whose ages the defendant claims are difficult to determine.

For the reasons set forth below, the Government moves to preclude the introduction of this "evidence" and the anticipated lay testimony.

**Alleged Comparable Material**

The defendant advises that he intends to introduce evidence of images taken from a website on the Internet which he admits are pornographic, but which depict individuals whose age he submits cannot be determined by looking at the images ("age difficult"). He intends to elicit this testimony through a defense investigator, and has proffered to this Court that the witness will be offered as a lay witness only, and will not offer an "expert" opinion. As part of the investigator's testimony, the defendant seeks to admit not just the pornographic images taken from the website, but also seeks to admit the website's "disclaimer" that all persons depicted are over the age of 18 years. The defendant intends to argue that such images – taken from the

Internet and which have no relevance to the defendant's criminal conduct in this case - should be used by this jury in their deliberations as to whether he knowingly possessed the child pornography images charged in Count Three of the indictment.

Defendant's clear goal is to put testimony and evidence before the jury that would allow it to improperly consider "community standards" in this case, despite the United States Supreme Court and the Third Circuit explicitly holding that the test for child pornography does not consider "community standards." To allow such testimony regarding the existence of "age difficult" pornography on the internet is confusing, irrelevant, relies on hearsay, and could improperly lead to jury nullification. Such testimony is inadmissible and should be excluded.

## **Legal Argument**

Defendant is charged in Count Three with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). That statute requires the government to prove the following elements:

(1) The defendant knowingly possessed
(2) Any child pornography, that is, any visual depiction **that involved the use of a minor engaging in sexually explicit conduct**;
(3) And that visual depiction is of such conduct;
(4) That has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or
(5) Which was produced using materials which have been mailed or so shipped or transported by any means, including by computer.

18 U.S.C. § 2256(2)(A) defines "sexually explicit conduct" to include the following "actual or simulated" acts:

(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
(ii) bestiality;
(iii) masturbation;
(iv) sadistic or masochistic abuse; or

2

        (v)        lascivious exhibition of the anus, genitals, or pubic area of any person.

In interpreting and applying the phrase "lascivious exhibition of the genitals or pubic area of any person," courts have utilized the following list of factors, which were first set forth in *United States v. Dost*, 636 F.Supp. 828, 832 (S.D. Cal. 1986), and adopted by the Third Circuit in *United States v. Knox*, 977 F.2d 815 (3d Cir. 1992):

    (1)    whether the focal point of the images is on minor's genital or pubic area;
    (2)    whether the setting of the image is sexually suggestive;
    (3)    whether the minor is depicted in unnatural poses or age inappropriate attire;
    (4)    whether the minor is fully or partially clothed or nude;
    (5)    whether the image suggests sexual coyness or willingness to engage in sexual activity; and
    (6)    whether the image is intended to elicit sexual response in viewer.

The question of whether or not an image is "lascivious" or meets the definition of "child pornography" is a determination for the jury as fact finder. *United States v. Knox*, 32 F.3d 733, 747 (3d Cir. 1994). To allow testimony that the Internet contains *different* images, wholly unrelated to those charged in this case, and which depict "age difficult" subjects, invades the province of the jury to serve as the fact finders for the evidence in this case. *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982); *see also United States v. Whorley*, 400 F. Supp. 2d 880, 884 (E.D. Va. 2005) (precluding expert testimony in a child pornography case regarding "whether the items to be judged is . . . lascivious [because that] is a determination that lay persons can and should make," and further prohibiting the display of similar images to the jury).

The Third Circuit examined this issue in the context of a defendant who challenged whether the charged images constituted "pornography" by seeking to compare the images to various public works of art. *United States v. Knox*, 32 F.3d 733 (3d Cir. 1994). In declining to

3

consider such evidence of "similar" images, the Third Circuit stated: "[W]e must focus not on what would or would not constitute an art exhibition, but rather on whether the term 'lascivious exhibition' includes the fully covered genitals or pubic area of minor children." *Id*. at 745. Nothing in the Third Circuit's decision in *Knox* stands for the proposition that the defendant should be permitted to show the jury similar pictures that have not been prosecuted as child pornography.[1]

Significantly, the *Knox* court held that "[T]o fulfill the knowledge element of section 2252, a defendant simply must be aware of the general nature and character of the material and need not know that the portrayals are illegal." *Id*. at 754. The child pornography laws would be eviscerated if a pedophile's personal opinion about the legality of sexually explicit videos was transformed into the applicable law." Moreover, even if mistake as to legality were raised as a defense, relying on a website's disclaimer is "tantamount to asking a hard core pornographer for legal advice as to whether the material he earns a living by selling is legal. [The website's] disclaimer could not reasonably lead Knox to believe that the videotapes were legal. If anything, the need to profess legality should have alerted Knox to the films' dubious legality."[2] *Id*.

The defendant's use of "comparable" images may be admissible in an obscenity prosecution, where community standards must be judged. In an obscenity case, the Supreme Court balanced the government's interest in protecting the sensibilities of unwilling recipients

---

[1] Significantly, the defense investigator will not – and cannot – establish the ages of the participants in the images. The participants may very well be minors under the age of 18 years. And to proffer them to the jury as if they were "age difficult" images, when in fact they may be children, would be confusing and improper.

[2] In this case, the "professed legality" by the website the defendant wishes to use as comparison stated that the participants were all over the age of 18 years.

from exposure to pornography against the dangers of government censorship. *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). Regulation of "obscene materials" is limited to works which "appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value." *Id*. at 24, 93 S.Ct. at 2615. Thus, community standards – and comparable images – are relevant and necessary in an obscenity case.

But the Supreme Court and this Circuit have differentiated obscenity crimes from child pornography crimes. The Supreme Court allows the states and Congress greater leeway to regulate and proscribe pornography that depicts minors as distinguished from adults, since the harmful effects suffered by a child are palpably more severe. *New York v. Ferber*, 458 U.S. at 756-61, 102 S.Ct. at 3351. The Court relaxes the *Miller* obscenity test when pornographic material portrays minors, because the government's interest in "safeguarding the physical and psychological well-being of a minor" is "compelling." *Id*. at 756–57, 102 S.Ct. at 3354. Notions of "community standards," or "comparable images" have no relevance in determining whether certain images are child pornography because child pornography is not protected by the First Amendment. *Knox*, 32 F.3d at 749-50; *see also United States v. Villard*, 885 F.2d 117, 120 (3d Cir. 1989).

By asking the Court to allow the jury to view "similar images" the defendant seeks to impermissibly inject the "obscenity" standard into this child pornography case. Such a determination would run afoul of federal law and would serve only to confuse the jury. He seeks to have a defense investigator testify that she searched the internet and found a website that publishes images the defendant deems to be similar – meaning that these unrelated images are

5

also difficult for the viewer to determine the age of the performer.   This is impermissible. Defendant simply wants to use such testimony and evidence to convince the jury that if images like those charged in Count Three are similar to those found on the Internet by his investigator, that they cannot be deemed "children" and thus do not qualify as illegal.   This is nothing more than injecting the notions of "community standards" improperly into this case and it should be excluded.

## Conclusion

For the reasons set forth above, the Court should preclude the introduction of the testimony and evidence offered by the defense regarding comparable images taken from the Internet.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney

*/s/ Kelly Harrell*
KELLY HARRELL
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that on this day I caused a copy of the Government's Motion to Preclude to be served by electronic filing and/or e-mail addressed to:

>Jeremy H. Gonzalez Ibrahim, Esquire
>P.O. Box 1025
>Chadds Ford, PA 19317
>jeremyibrahim.esq@gmail.com

>*/s/ Kelly Harrell*
>KELLY HARRELL
>Assistant United States Attorney

Dated: September 30, 2021.